NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0417n.06

No. 14-3826

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 08, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| TERRANCE J. KING, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: McKEAGUE and DONALD, Circuit Judges; MATTICE, District Judge.[*]

PER CURIAM. Terrance J. King, a federal prisoner, appeals the sentence imposed following his guilty plea to charges of money laundering, submission of false claims, and filing a false tax return. We affirm.

These charges arose from King's false claims of minimal income in order to obtain housing assistance and to avoid paying taxes while he was earning hundreds of thousands of dollars through his roofing company, which obtained payment from property owners' insurance companies for questionable roofing repairs using shoddy materials and workmanship. King entered into a written plea agreement wherein he pled guilty to three counts, with the government dismissing eight others. The presentence report calculated the guidelines sentencing range at 46

---

[*]The Honorable Harry S. Mattice, Jr., United States District Judge for the Eastern District of Tennessee, sitting by designation.

to 57 months of imprisonment and $288,207.28 in restitution. At the sentencing hearing, defense counsel argued for a sentence of home confinement to permit King to support his family and to pay the remaining restitution, noting that King had already paid approximately $40,000.00. King also asked the court to consider that his five children would miss him if he were imprisoned. The prosecutor argued for a within-guidelines sentence, specifically questioning King's claim of family hardship on the ground that he had recently been convicted of pointing a gun at his wife and shooting out the windows of her car. The district court discussed King's lengthy and violent criminal history, which included a recent conviction for domestic violence as well as several assaults and aggravated robberies. The district court then concluded that the interests of deterrence and protection of the public required a within-guidelines sentence of 48 months of imprisonment. The court also ordered restitution as set forth in the presentence report, noting the amount King had already paid; it also specifically ordered that a car, house, and life insurance policy listed among King's assets be liquidated for purposes of paying the restitution.

On appeal, King argues that the district court failed to consider the sentencing factors of acceptance of responsibility and family hardship and erred in ordering liquidation of specific assets to pay restitution. Because King did not object below, thereby denying the district court an opportunity to address the alleged errors, we review these two challenges for plain error only. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

First, the district court did not impose a plainly unreasonable sentence. King cites to *United States v. Tocco*, 200 F.3d 401, 435 (6th Cir. 2000), in support of his argument that the district court failed to consider his family hardship argument. *Tocco* held that extraordinary family hardship can be a legitimate basis for reducing a sentence in exceptional cases. *Id.* King also cites *United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009), which held that the

record must reflect that the district court considered a defendant's non-frivolous arguments in favor of a more lenient sentence. But no lengthy explanation of the rejection of this argument was necessary, particularly because King received a within-guidelines sentence. *See United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009) (holding that a district court need not give reasons for rejecting the defendant's arguments for an alternate sentence). The district court may well have considered King's argument on this issue meritless when balanced against the prosecutor's argument that King actually posed a danger to his family based on his criminal history. *See id.* In any event, nothing in the record suggests that the district court did not consider the arguments made by both parties at the sentencing hearing, and that's all that is required. *See Vonner*, 516 F.3d at 388.

King also argues that the district court failed to consider his acceptance of responsibility. To the extent he refers to his payment of $40,000 in restitution, the record shows that the district court expressly addressed this. No other acceptance of responsibility is supported by the record. In fact, King continued to downplay his responsibility for his actions by characterizing them as mistakes and poor business decisions and by claiming that he tried to do the right thing. The district court imposed a reasonable sentence.

Second, the district court did not plainly err by ordering the liquidation of specific assets to satisfy the restitution in this case. The Mandatory Victims Restitution Act required the district court to order restitution here, 18 U.S.C. § 3663A(a)(1), (c)(1), and gave it the power to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid," 18 U.S.C. § 3664(f)(2). Although we have questioned whether the predecessor to that Act gave the district court the authority to order restitution from a specific source, *United States v. Comer*, 93 F.3d 1271, 1281 (6th Cir. 1996), other courts have upheld ordering

restitution from a specified source under the current law. *E.g.*, *United States v. Hosking*, 567 F.3d 329, 334-35 (7th Cir. 2009); *United States v. Hoover*, 175 F.3d 564, 569 (7th Cir. 1999). We have not definitively held one way or the other. No plain error is therefore apparent. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Finally, King argues that payment of restitution from specific assets was not contemplated by the plea agreement. But the plea agreement in this case discussed only the property to be forfeited; it did not prohibit the payment of restitution from any of King's other assets.

For these reasons, we hold that King has not established any plain error by the district court. The judgment below is therefore affirmed.